# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTIE LAURA GRACE<br>f/k/a CHRISTIE LYNN LORD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>ANASTASIA M. BAIER and DOES 1-10,<br><br>    Defendants. | Case No.: _____<br><br><br>Jury Trial Demanded |

## COMPLAINT

NOW COMES Plaintiff Christie Laura Grace f/k/a Christie Lynn Lord ("GRACE" or "PLAINTIFF"), by her attorneys, Cade Law Group LLC, and for her Complaint against the UNITED STATES OF AMERICA and Does 1-10 (collectively, "DEFENDANT", unless otherwise noted) and alleges:

### NATURE OF PROCEEDINGS

1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* and 28 U.S.C. § 1346 to recover damages for personal injuries suffered by GRACE, which occurred on June 8, 2017 due to the negligence of unknown agents and employees of Americorp (collectively, "DOES 1-10), whose identities have been revealed to Lord

### PARTIES

2. GRACE is an adult citizen of Wisconsin who resides in the Western District of Wisconsin at 5760 Highland Way, #215, Middleton, Wisconsin 53562.

3. The United States of America ("United States") is a proper party defendant under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (herein after, the "FTCA"). The United States is liable for damages incurred by Lord under the FTCA.

4. Upon information and belief, at the time of the accident that is the subject of this lawsuit, DOES 1-10 were adults employed by Americorp National Civilian Community Corps (hereinafter "AMERICORP"), and were acting within the scope of their duties of employment. The UNITED STATES is liable to GRACE for any injuries and damages caused by the negligence of DOES 1-10.

5. Anastasia M. Baier ("BAIER"), upon information and belief, is an adult citizen of the State of Florida and a resident of Hollywood, Florida. Her current address is unknown to GRACE, but she may be reached through AMERICORP, as it is believed that she is still employed by AMERICORP. At all material times alleged in this Complaint, BAIER was employed by AMERICORP and was acting within the scope of her duties of employment. The UNITED STATES is liable to GRACE for any injuries and damages caused by the negligence of BAIER.

6. Upon information and belief, BAIER and DOES 1-10 were members of the AMERICORP "Cedar 2 Team".

## JURISDICTION AND VENUE

7. Prior to the filing of this lawsuit, GRACE presented a Claim for Damage, Injury or Death, Form 95 (the "Claim"), as required by 28 U.S.C. §2675(a). The claim was presented to Attorney Tom Bryant of the Corporation for National and Community Service, which oversees AMERICORP, on November 5, 2018, for damages arising from an accident that occurred on June 8, 2017, and assigned claim #2018-15. In the Claim,

Lord made a demand for Fifteen Million Dollars ($15,000,000.00). A true and correct copy of the Claim is attached hereto and incorporated herein as **Exhibit A**.

8. The Claim was denied by Attorney Aaron Olszewski, CNCS Claims Officer for AMERICORP and the Corporation for National and Community Service, in writing on January 3, 2020. A true and correct copy of the denial of the Claim is attached hereto and incorporated herein as **Exhibit B**.

9. Pursuant to the FTCA, the Claim is asserted against the United States. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b) based upon injuries and losses caused by the action of DOES 1-10, who were employees of the United States and acting within the scope of their employment at all material times to this case, under circumstances where the United States, if a private person, would be liable to GRACE in accordance with the laws of Wisconsin.

10. To the extent the Claim alleges violations of state law, this Court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367, because those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

11. Venue is proper in this judicial district pursuant to 28 USC § 1391 because all of the events, injuries, omissions, or occurrences giving rise to the Claim took place in this District, specifically in Dane County, Wisconsin.

12. This suit is timely because all legal and administrative requirements have been met. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act prior to bringing this lawsuit.

13. Accordingly, Plaintiff has elected to file suit against the United States in

accordance with 28 U.S.C. § 2675.

## FACTUAL ALLEGATIONS

14. Americorp staff was working for Lakeshore Nature Preserve on the campus of the University of Wisconsin on June 8, 2017. Lord was walking eastbound on a paved bicycle path/service road (the "PATH") that connects University Bay Drive to the entrance of the Eagle Heights community gardens. The location of the incident is approximately 2500 University Bay Drive, Madison, WI 53705.

15. A tree of approximately 4-5 inches in diameter fell on GRACE while she walked on the PATH, striking her in the head and the right arm.

16. At the time the tree struck GRACE, there were no signs, flags or other warnings along the PATH warning others that AMERICORP was performing work in the area or on the PATH. There also were no persons in the area with flags or directing pedestrian traffic, or warning pedestrians that logging work was being performed.

17. After being struck by the tree, BAIER inquired of GRACE if she was ok. It is unclear if BAIER witnessed the injury.

18. After attempting to proceed home, GRACE felt dizzy and immediately went to the University of Wisconsin urgent care clinic on Mineral Point Road, in Madison, where she was diagnosed with a concussion.

19. GRACE also reported her injury to the University of Wisconsin Police Department. Officer Barnes (Badge # 7701), who then went to the PATH and interviewed BAIER. Officer Barnes subsequently prepared a report as to what he observed on June 8, 2017. A true and correct copy of Officer Barnes report is attached hereto and incorporated herein as **Exhibit C.**

20. In his report, BARNES notes that ". . . I noted no traffic cones, signs or other markings in the area" and that BAIER admitted that ". . . [She] told me that she must not have seen Lord as she approached and failed to stop her . . . ."

21. As a result of being struck by the tree, GRACE has lost her short term memory, and it has affected her in school and at work. Prior to the injury, GRACE was studying to become a pharmacist and physician. As a result of her memory loss and inability to retain information, GRACE has had to drop out of school and give up on her plans to become a pharmacist and a physician.

## COUNT I
## NEGLIGENCE

22. GRACE realleges and incorporate by reference the above paragraphs as if they were set forth herein.

23. GRACE lawfully was walking along the PATH when she was struck by a tree that was cut by BAIER and/or DOES 1-10.

24. BAIER and/or DOES 1-10 failed to mark, flag, restrict or otherwise giving warnings to pedestrians, such as GRACE that forestry work was taking place on or near the PATH.

25. BAIER and DOES 1-10 where acting within the course and scope of their employment with AMERICORP while they were doing forestry work along the PATH.

26. UNITED STATES, by and through its employee(s), BAIER and/or DOES 1-10, at all times and places owed a duty to exercise reasonable care in the manner in which they performed forestry work along the path so as to not cause injury to GRACE and/or other persons or pedestrians, including flagging, providing warnings, or otherwise restraining persons from walking along the PATH.

27. UNITED STATES, by and through its employee(s), BAIER and/or DOES 1-10, breached the duty of care owed to GRACE and/or other persons or pedestrians.

28. As a direct and proximate result of one or more of the foregoing wrong and/or negligent acts or omissions of the UNITED STATES, by and through its employees BAIER and/or DOES 1-10, Plaintiff Lord sustained severe permanent and physical injuries, suffered and will continue to suffer great pain, and incurred and will continue to suffer substantial pecuniary damages in an amount to be demanded at trial.

## COUNT II
## FAILURE TO SUPERVISE

29. GRACE realleges and incorporate by reference the above paragraphs as if they were set forth herein.

30. BAIER and DOES 1-10 were negligent and derelict in their duties.

31. BAIER and DOES 1-10's actions resulted in injury to GRACE, and caused her great pain and suffering.

32. At all material times to this Complaint, BAIER and/or other members or agents of AMERICORP had a duty to hire and supervise the members of Cedar 2 Team.

33. But for the failure of BAIER and/or other members or agents of AMERICORP to properly supervise its agents and employees, including the members of Cedar 2 Team, GRACE would not have suffered her injuries and great conscious pain and suffering, and other forms of damages.

34. As a direct and proximate result of the negligence of BAIER and/or other members or agents of AMERICORP, GRACE has suffered conscious pain and suffering, great physical and emotional pain and suffering, medical expenses, among other damages, in an amount to be proven at trial.

## COUNT III
## VIOLATION OF WIS. STAT. § 101.11 (SAFE PLACE CLAIM)

35. GRACE incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully stated and alleged herein.

36. AMERICORP is considered to be an "employer" as that term is defined in Wis. Stat. § 101.11.

37. The PATH is considered a "place of employment" as those term are defined in Wis. Stat. § 101.11.

38. GRACE is considered a "frequenter" as that term is defined in Wis. Stat. § 101.11.

39. By failing to keep the PATH as safe as its nature reasonably permitted, AMERICORP has violated the Wisconsin Safe-Place Statute, Wis. Stat. § 101.11.

40. As a result of AMERICORP's violation of Wisconsin Safe-Place Statute, GRACE has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff GRACE prays for judgment as follows:

1. For judgment in an amount equal to Plaintiff's compensatory damages, and past and future medical expenses and pain and suffering, in an amount to be proven at trial;

2. For any economic and non-economic damages not specifically enumerated herein;

3. For punitive damages, to be awarded by a jury;

4. For the costs, disbursements and expenses incurred by Plaintiff in bringing this action, including any actual attorney's fees pursuant to 42 U.S.C. § 1988;

5. For interest, attorney's fees and costs; and,

6. For such other relief as may be just and equitable.

Dated this 26th day of March, 2020.

                                          **CADE LAW GROUP LLC**

                                          By: s/Nathaniel Cade, Jr.
                                             Nathaniel Cade, Jr.
                                             P.O. Box 170887
                                             Milwaukee, WI 53217
                                             (414) 255-3802 (phone)
                                             (414) 255-3804 (fax)
                                             nate@cade-law.com

                                          Attorneys for Plaintiff Christie L. Grace
                                          f/k/a Christie L. Lord

**PLAINTIFF DEMANDS A TRIAL BY JURY**