IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTIE LAURA GRACE,

        Plaintiff,

v.                                       Case No. 20-cv-280-jdp

UNITED STATES OF AMERICA,
and DOES 1-10,

        Defendants.

**PROTECTIVE ORDER**

The Court having considered the parties' request for a Protective Order, and good cause appearing, pursuant to Federal Rule of Civil Procedure 26,

**IT IS ORDERED:**

1. <u>Definition of Confidential Information</u>. "Confidential Information" as used herein means "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. *See* 45 C.F.R. § 160.103 ("protected health information" and "individually identifiable health information"). "Confidential Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance

advice forms, explanations of benefits, checks, notices, and requests, if they contain individually identifiable health information. "Confidential Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from protected health information, if they contain individually identifiable health information.

2. <u>Definition of Document</u>. For purposes of this Order, the term "document" shall be construed in accordance with its definition under Federal Rules of Civil Procedure 26 and 34, including but not limited to all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the Federal Rules of Civil Procedure, by agreement, or otherwise.

3. <u>Designation of Confidential Information by Producing Party or Producing Third-Party</u>. A party or producing third-party (individually or collectively, the "Designating Entity") shall designate documents containing Confidential Information by placing a "CONFIDENTIAL" stamp on each page of the document. Information produced in native electronic format, however, which cannot be stamped "CONFIDENTIAL" on a per-page basis, may be indicated as such by labeling the media upon which the native electronic information is provided as "CONFIDENTIAL." Electronic media with native electronic information that are labeled "CONFIDENTIAL" must contain only Confidential Information. Information shall be designated as confidential only upon a good faith belief that the information is Confidential Information and subject to protection under Federal Rule of Civil Procedure 26(c).

4. <u>Permissible Use of Confidential Information</u>. The parties may not use or disclose Confidential Information for any purpose other than the instant litigation, except as otherwise provided for herein. Nothing in this Order, however, shall be deemed to restrict in any manner the use by any party of its own documents or materials.

5. <u>Non-Disclosure of Confidential Information</u>. No Confidential Information may be disclosed to, disseminated to, or otherwise discussed with any person, except with the prior written consent of the Designating Entity or as otherwise provided for herein. Any summary, copy, electronic imaging, or database of any Confidential Information likewise shall be subject to the terms of this Order to the same extent as the Confidential Information from which the summary or copy is made.

6. <u>Permissible Disclosure of Confidential Information</u>.

    a. Subject to Paragraph 5, Confidential Information may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; the parties; the secretaries, paralegal assistants, agents, investigators, auditors, attorneys, other employees, and consultants of such parties to the extent reasonably necessary to render professional services in this litigation; and to Court officials and Court reporters involved in this litigation.

    b. Subject to Paragraph 5, Confidential Information may also be disclosed to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, and to outside consultants or experts retained for the purpose of assisting counsel in this litigation, provided,

3

however, that in all such cases the individual to whom disclosure is to be made has reviewed this Order and executed an Acknowledgement and Declaration of Compliance, in the form attached hereto as Exhibit A.

7. Confidential Information in Depositions.

    a. During a deposition, a deponent may be shown and examined regarding Confidential Information if the deponent has access to the Confidential Information as prescribed in Paragraph 6(a) or if the requirements of Paragraph 6(b) have been met. Deponents shall not retain or copy portions of the transcript of their deposition that contain Confidential Information not provided by them or the entities with which they are affiliated unless they sign the form prescribed in Paragraph 6(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potential Confidential Information.

    b. At the time of the deposition or within thirty (30) days after receiving a deposition transcript, parties (and deponents) may designate all or portions of the transcript (and exhibits thereto) as containing Confidential Information. Confidential Information within the deposition transcript may be designated by a statement made on the record or by indicating page and line numbers of such information by correspondence. Until expiration of the thirty (30) day period, the entire deposition will be treated as Confidential Information subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information, then none of the deposition transcript or its exhibits (unless the exhibits

have previously been designated as Confidential Information) will be considered Confidential Information.

8. <u>Filing Confidential Information</u>.  Any Confidential Information that is filed with the Court, and any pleading, motion, or other paper filed with the Court containing or disclosing any such Confidential Information, shall be filed under seal.

9. <u>Use of Confidential Information</u>.  Notwithstanding any other provision of this Order, the parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures for introducing Confidential Information into evidence or otherwise used at such hearing, trial, or other proceeding.  Absent agreement, the parties shall ask the Court to issue an order governing the use of Confidential Information at the hearing, trial, or other proceeding.

10. <u>Return of Confidential Information</u>.  Within sixty (60) days after conclusion of all aspects of this litigation, all documents containing Confidential Information and all copies of same (other than Court exhibits or records) shall be returned to the Designating Entity or, at the option of the Designating Entity, shall be destroyed, except that the United States retains the right to keep one copy of such documents in its master files.  Counsel of record shall make written certification of compliance herewith and shall deliver this certification to counsel for the Designating Entity not more than ninety (90) days after final termination of this litigation.

11. <u>Certain Disclosure by the United States</u>.  Notwithstanding the above, nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any

division of any such agency or department, Confidential Information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Confidential Information by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of Confidential Information consistent with the terms of this Order. Furthermore, nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Confidential Information has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Designating Party of the Congressional entity's request and the United States' response thereto.

12. <u>Added Parties</u>. This Order shall inure to the benefit of, and be binding upon, any future party or counsel to this litigation, as well as upon any non-party who produces documents in this litigation.

13. <u>Modification Permitted</u>. Nothing in this Order shall prevent any party from seeking modification of this Order to seek additional or different protection under the Federal Rules of Civil Procedure, including that certain information not be disclosed

under any circumstances, or from objecting to discovery that it believes to be otherwise improper.

14. <u>Court Retains Jurisdiction</u>. After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties, and any other person who has access to Confidential Information produced pursuant to this Order, for the enforcement of this Order.

ENTERED this 9th day of SEPTEMBER, 2020.

_____
The Honorable Stephen L. Crocker
United States District Magistrate Judge

7

# EXHIBIT A

## ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE

I hereby acknowledge that I have been given a copy of the Protective Order dated the _____ day of _____, 20___, in the case captioned, "*Christie Laura Grace v. United States of America, et al.*" in the United States District Court for the Western District of Wisconsin, Case No. 3:20-cv-280-jdp ("Protective Order"); that I have read the Protective Order; and that I agree to be bound by it. I further understand and agree that my obligation to honor the confidentiality of such Confidential Information will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Protective Order, I may be subject to sanctions, including, but not limited to, sanctions by way of contempt of court. I further understand and agree to submit myself to the personal jurisdiction of the United States District Court for the Western District of Wisconsin for the sole purpose of enforcing this order.

DATED, this the _____ day of _____, _____.

_____
Signature

_____
Name, printed